FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; KEVIN BOVENKAMP; and JOHN and JANE DOES 1-20,<br><br>　　　　　　Defendants. | NO: 4:17-CV-5110-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

**BEFORE THE COURT** is Plaintiff's Motion for Leave to Amend Complaint, ECF No. 21, and Defendants' Motion for Summary Judgment, ECF No. 14. The Court has considered the pleadings and the record, and is fully informed.

**BACKGROUND**

Plaintiff Kevin Anderson, pleading *pro se*, brings this suit against the Washington State Department of Corrections alleging violations of his Eighth

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 1

Amendment rights under 28 U.S.C. § 1983. *See* ECF No. 3-1. Mr. Anderson alleges that he is an inmate who has been housed in a Washington State Department of Corrections facility since 2011. *Id.* at 3. Mr. Anderson alleges that he suffers from a serious medical condition that affects his vision. *Id.* at 5. Mr. Anderson alleges that Defendants failed to provide him reasonable medical care for his alleged condition, and that he is being subjected to cruel and unusual punishment. *Id.* at 4, 10. He further alleges that he has suffered injuries as a result of this alleged denial of treatment. *Id.* at 10. Mr. Anderson seeks appointment of counsel, an injunction barring Defendants from continuing to deny Mr. Anderson treatment, reasonable attorney fees and costs, and any additional relief the Court deems just and equitable. *Id.*

Defendants moved for summary judgment. *See* ECF No. 14. After responding to Defendants' Motion for Summary Judgment, ECF No. 19, Mr. Anderson moved for leave to amend his complaint. ECF No. 21.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States because Mr. Anderson alleges violations of the Eighth Amendment.

/ / /

/ / /

/ / /

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 2

# DISCUSSION

**I. Motion for Leave to Amend Complaint**

Mr. Anderson appears to move this Court for leave to amend his complaint by joining as defendants Tracy Kessler, Kenneth Jennings, Andrew Sawyer, Ramona Cravens, Mike McCourtie, and B. Braid.  *See* ECF No. 21-1.

*Legal Standard for Joinder of Defendants*

Federal Rule of Civil Procedure 20(a)(2) provides that persons

> may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The parties do not dispute that the relief asserted against Tracy Kessler, Kenneth Jennings, Andrew Sawyer, Ramona Cravens, Mike McCourtie, and B. Braid arises out of the same transaction or occurrence as Mr. Anderson's claims against Kevin Bovenkamp and the Washington Department of Corrections.  Nor do the parties dispute that any question of law or fact common to all defendants will arise in the action.

The Court finds that Mr. Anderson has satisfied the joinder requirements of Fed. R. Civ. P. 20(a)(2) with regards to Tracy Kessler, Kenneth Jennings, Andrew Sawyer, Ramona Cravens, Mike McCourtie, and B. Braid.  Mr. Anderson's claims for relief against these proposed defendants arise out of the same transaction or

occurrence that forms the basis for the present litigation, and common questions of law and fact appear to arise for all defendants. *See* ECF No. 21-1. In addition the proposed Amended Complaint includes sufficient allegations to support plausible claims against those defendants. *See id.* However, the Court must still decide whether to grant Mr. Anderson leave to amend his complaint by joining these individuals as defendants.

### *Legal Standard for Leave to Amend Complaint*

Mr. Anderson moved to amend his complaint more than 21 days after the Defendants filed their Answer. *See* ECF Nos. 5 and 21. Therefore Mr. Anderson is not entitled to amendment as of right under Civil Rule 15(a)(1), and must instead obtain leave of the Court to amend pursuant to Civil Rule 15(a)(2). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although Rule 15 allows courts to liberally grant leave to amend complaints, a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Courts may deny a motion to amend a complaint if doing so would be futile." *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188, 1195 (W.D. Wash. 2014), *reconsideration denied*, No. C13-1915 MJP, 2014

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 4

U.S. Dist. LEXIS 56844 (W.D. Wash. Apr. 23, 2014) (citing *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)). District court denial of leave to amend a complaint is reviewed for abuse of discretion. *See Steskal v. Benton County*, 247 Fed.Appx. 890, 891 (2007).

Defendants contend that Mr. Anderson's motion for leave to amend his complaint was not timely because he filed it after Defendants filed their Motion for Summary Judgment. ECF No. 24 at 2. Although Mr. Anderson's motion is arguably untimely under Fed. R. Civ. P. 16, because a Scheduling Order was entered in this case on October 6, 2017, ECF No. 13, Mr. Anderson is an incarcerated *pro se* plaintiff, and the Court will construe his case liberally. In addition, Mr. Anderson filed his motion for amendment over a month before the discovery cut-off deadline. *See* ECF No. 13 at 11.

Defendants also argue that amendment of Mr. Anderson's complaint joining additional defendants is not necessary because it is futile, as Mr. Anderson has failed to provide evidence that creates a genuine issue of material fact. ECF No. 24 at 2; *see also* ECF No. 14. The Court considers Defendants' argument regarding whether Mr. Anderson has provided evidence that creates a genuine issue of material fact premature and inappropriate in response to a motion for leave to amend. However, the Court also considers whether amendment would be futile.

Mr. Anderson is alleging an Eighth Amendment claim based on the deliberate indifference of the several state prison officials he seeks to join as defendants. *See* ECF No. 21. Deliberate indifference may occur when prison officials "deny, delay, or deliberately interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). A showing of cruel and unusual punishment requires more than an ordinary lack of due care for the inmate's interests and health. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Only conduct characterized by "obduracy and wantonness" amounts to deliberate indifference under the Eighth Amendment. *Albers*, 475 U.S. at 319.

The Court finds that Mr. Anderson has failed to state necessary facts demonstrating that joining these defendants would create viable claims against them under the Eighth Amendment. However, even if Mr. Anderson's claims against these proposed defendants had merit, state prison officials are protected by qualified immunity.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all

but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

Here, at most, Mr. Anderson's allegations regarding the proposed defendants would be strongest against Ms. Kessler, the assistant whom Mr. Anderson alleges referred to his already having had an eye appointment in 2013, when in fact Mr. Anderson had not had an eye appointment in 2013. However, Mr. Anderson fails to allege any facts from which the Court could plausibly infer that Ms. Kessler acted deliberately, rather than mistakenly.

The Court finds that Mr. Anderson's claims against the proposed defendants fail, and that even if he prevailed in his claims, the proposed defendants would be protected by qualified immunity against an Eighth Amendment claim. Therefore, the Court denies as futile Mr. Anderson's Motion for Leave to Amend his Complaint to join as defendants Tracy Kessler, Kenneth Jennings, Andrew Sawyer, Ramona Cravens, Mike McCourtie, and B. Braid.

**II. Defendants' Motion for Summary Judgment**

Defendants moved for summary judgment, arguing that Mr. Anderson failed to create any genuine issues of material fact and that Mr. Anderson's claims fails as a matter of law. ECF No. 14 at 2.

/ / /

/ / /

*Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest on mere allegations, but must by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial." *Id.* The Court will not infer evidence that does not exist in the record. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts).

However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

***Legal Standard for Eighth Amendment Claims***

It is "the government's obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet this obligation can result in an Eighth Amendment violation cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To maintain an Eighth Amendment claim based on medical treatment in prison, the plaintiff must show "deliberate indifference to serious medical needs." *Id*. at 104.

A "serious medical need" exists if the failure to treat the injury or condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an

individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059-60) (internal quotation marks omitted).

Deliberate indifference to an inmate's serious medical needs may constitute cruel and unusual punishment under the Eighth Amendment if a prison official knows that the inmate "face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The official must be both aware of the facts from which an inference of substantial risk of serious harm can be drawn, and the official must actually draw the inference. *Id*. at 837. Deliberate indifference may occur when prison officials "deny, delay, or deliberately interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

However, a showing of cruel and unusual punishment requires more than an ordinary lack of due care for the inmate's interests and health. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Mere medical malpractice, negligence, or an inadvertent failure to provide medical care does not amount to a violation under the Eighth Amendment. *See Jett*, 439 F.3d at 1096. Nor does a difference in medical opinion as to the need to pursue one course of treatment over another, or the difference in opinion between the prison official and the inmate concerning the appropriate treatment, amount to deliberate indifference. *See Jackson v. McIntosh*,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 10

90 F.3d 330, 332 (9th Cir. 1996). Difference in opinion amounts to deliberate indifference only when the course of treatment chosen is "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Id.* Only conduct characterized by "obduracy and wantonness" amounts to deliberate indifference under the Eighth Amendment. *Albers*, 475 U.S. at 319.

A prisoner seeking to impose Eighth Amendment liability against an individual for deliberate indifference must demonstrate three elements: (1) a "serious medical need," such that "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted); (2) the defendant was "aware of" that serious medical need, *see Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); and (3) the defendant disregarded the risk that need posed, *see id.* at 846, such as by denying or delaying care, *see Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012), *overruled in part by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (*en banc*) (holding monetary damages are unavailable against an official capacity defendant who lacks authority over budgeting decisions).

The parties do not dispute that Mr. Anderson's eye condition represents a serious medical need. ECF No. 14 at 7. The parties also do not appear to dispute

the fact that Defendants were aware of Mr. Anderson's eye condition. *Id.* at 6-7. However, Mr. Anderson must also show that Defendants demonstrated deliberate indifference in disregarding the risk his eye condition posed in order to succeed in his claim.

*Deliberate Indifference*

Mr. Anderson alleges that Defendants have acted with deliberate indifference in denying him adequate medical care in regards to his strabismus. ECF No. 3-1 at 3. He alleges that Defendants denied him the prescribed treatment for his eye condition: annual eye examinations. *Id.* He argues that the treatment he has received has not addressed his medical needs. *See* ECF No. 20 at 4-7.

Defendants argue that Mr. Anderson has failed to create any genuine issue of material fact regarding the deliberate indifference he alleges Defendants demonstrated. ECF No. 14 at 6-7. Defendants assert that Mr. Anderson had three strabismus eye surgeries as a child and that he has not reported complaints about his most recent prescription lenses. ECF No. 14 at 7. Defendants argue that surgery is not clinically indicated for Mr. Anderson's eye condition. *Id.* at 8. Furthermore, Defendants argue that Mr. Anderson must do more than allege he disagrees with Defendants' treatment plans. *Id.*

Mr. Anderson has alleged that as a result of Defendants' delay and denial of treatment for his eye condition, he has injured his toe and missed a scheduled

"callout." ECF No. 20 at 5-6. He asserts that the prescription glasses he has received have not helped him manage his condition. *Id.* at 4-7; ECF No. 3-1 at 5. Mr. Anderson alleges that in 2013 and 2016 he did not receive an eye examination, which he claims violates the recommendations made by his doctors in 2011 and 2012. *See* ECF Nos. 3-1 and 20.

The Court finds that the evidence is undisputed that Mr. Anderson has received medical care for his eye condition. Although it is clear that Mr. Anderson disagrees with the treatment he has received, this difference of opinion is not enough to rise to the level of deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Mr. Anderson argues that his failed efforts to receive treatment in 2013 exhibit Defendants' deliberate indifference, but the Court finds that, at most, the evidence shows that Defendants may have inadvertently failed to provide recommended medical care, which does not amount to a violation under the Eighth Amendment. *See Jett*, 439 F.3d at 1096. Furthermore, in 2016, the second year in which Mr. Anderson alleges that he did not receive an eye exam, Mr. Anderson alleges no facts indicating that he either sought or was denied such treatment. *See* ECF No. 20 at 6.

Therefore, the Court finds that Mr. Anderson has not created a genuine issue of material fact regarding whether Defendants acted with deliberate indifference, and he has not satisfied the elements of his prima facie case. Summary judgment for

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 13

Defendants is proper, and Mr. Anderson's claims against Defendants are dismissed with prejudice.

*Qualified Immunity*

Defendants argue that, even if Mr. Anderson succeeds in showing that a genuine issue of material fact exists or that he has satisfied his prima facie case, Mr. Anderson has not demonstrated Defendant Kevin Bovenkamp's personal participation or that Defendants cannot invoke qualified immunity. *Id.* at 11-12.

"Qualified immunity protects prison officials from suits seeking civil damages provided that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When government officials invoke qualified immunity from suit, courts must decide the claim by applying a two-part analysis: (1) whether the conduct of the official, viewed in the light most favorable to plaintiff, violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation. *See Pearson*, 555 U.S. 223, 232-36 (2009) (trial court judges should exercise their "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand"). Thus, the constitutional violation prong concerns the reasonableness of an official's mistake of fact, and the clearly established prong concerns the reasonableness of the officer's mistake of

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 14

law. *See Torres v City of Madera*, 648 F.3d 1119, 1127 (9th Cir. 2011), *cert. denied by Noriega v. Torres*, 565 U.S. 1114 (2012). The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

The evidence shows that, at most, Defendants mistakenly delayed Mr. Anderson's treatment, and that Mr. Anderson has disagreed with the treatment he has received. This simply does not rise to the level of a constitutional violation. Thus, the Court finds that Mr. Anderson has not demonstrated that Defendants violated his constitutional rights.

One additional issue must be addressed. A governmental agency protected from suit in a federal court by the Eleventh Amendment is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). A state's Department of Corrections is a governmental agency protected from suit by the Eleventh Amendment. *See* Alabama v. Pugh, 438 U.S. 781, 782 (1978). Therefore, even if the Court did not find Mr. Bovenkamp was not protected by qualified immunity, which it does, the Washington Department of Corrections is not a "person" under § 1983, and the Court finds it proper to dismiss Mr. Anderson's claims against the Department of Corrections.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ~ 15

The Court finds that Mr. Anderson has not established a genuine issue of material fact regarding whether Defendants acted with deliberate indifference, and, therefore, he has not satisfied the prima facie requirements of his Eighth Amendment claim. Summary judgment in favor of Defendants is therefore appropriate, and the Court dismisses with prejudice Mr. Anderson's claims against Defendants.

Accordingly**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to Amend Complaint, **ECF No. 21**, is **DENIED without leave to renew**.
2. Defendants' Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.
3. Plaintiff's claims against Defendants are **DISMISSED with prejudice**.
4. The District Court Clerk is directed to enter judgment for Defendants.

The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Plaintiff, and **close this case**.

**DATED** February 9, 2018.

       *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
       United States District Judge